United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
William E Zimmerle
Dawn M Zimmerle
     Debtors

Case No. 19-14832-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Lisa          Page 1 of 1          Date Rcvd: Mar 23, 2020
                            Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 25, 2020.
db/jdb       +William E Zimmerle,   Dawn M Zimmerle,   10 Firebush Road,   Levittown, PA 19056-1814

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          +E-mail/PDF: gecsedi@recoverycorp.com Mar 24 2020 03:51:12      Synchrony Bank,
            c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                                                                              TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2020                                                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 23, 2020 at the address(es) listed below:

          DANIELLE BOYLE-EBERSOLE   on behalf of Creditor   CSMC 2018-SP3 Trust c/o Select Portfolio
          Servicing, Inc. debersole@hoflawgroup.com,   pfranz@hoflawgroup.com
          MICHAEL P. KELLY   on behalf of Joint Debtor Dawn M Zimmerle mpkpc@aol.com,
          r47593@notify.bestcase.com
          MICHAEL P. KELLY   on behalf of Debtor William E Zimmerle mpkpc@aol.com,
          r47593@notify.bestcase.com
          REBECCA ANN SOLARZ   on behalf of Creditor   Toyota Motor Credit Corporation
          bkgroup@kmllawgroup.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
          philaecf@gmail.com
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                                     TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William E. Zimmerle<br>Dawn M. Zimmerle<br>　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　Movant<br>vs. | NO. 19-14832 MDC |
| William E. Zimmerle<br>Dawn M. Zimmerle<br>　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,392.58**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 25, 2019 to February 25, 2020 at $598.94/month |
| Suspense Balance: | $3.18 |
| **Total Post-Petition Arrears** | **$2,392.58** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　a). Beginning on March 25, 2020 and continuing through August 25, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$598.94** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of **$398.77 from March 25, 2020 to July 25, 2020 and $398.73 for August 25, 2020** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

　　b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 12, 2020                By: /s/ Rebecca A. Solarz, Esquire
                                       Attorney for Movant

Date: 3-18-2020                        _____
                                       Michael P. Kelly, Esquire
                                       Attorney for Debtors

**NO OBJECTION**

Date: 3/19/2020

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 23rd day of March, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge