IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>William E. Zimmerle and Dawn M. Zimmerle<br>　　　　Debtors | : Bankruptcy No. 19-14832-MDC<br>: Chapter 13<br>:<br>: |
| CSMC 2018-SP3 Trust c/o Select Portfolio Servicing, Inc.<br>　　　　Movant<br>vs. | :<br>:<br>:<br>:<br>: |
| William E. Zimmerle and Dawn M. Zimmerle<br>　　　　Debtors/Respondents<br>and<br>William C. Miller, Esquire<br>　　　　Trustee/Respondent | :<br>:<br>:<br>:<br>: |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

　　　　AND NOW, upon the Motion of CSMC 2018-SP3 Trust c/o Select Portfolio Servicing, Inc. ("Creditor"/"Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 10 Firebush Road, Levittown, PA 19056 (the "Property"), it is hereby agreed as follows:

　　　　1.　　On December 13, 2019, Movant filed a Motion for Relief from Automatic Stay (the "Motion") against Debtors, William E. Zimmerle and Dawn M Zimmerle (hereafter, "Debtors"), as they were delinquent on their monthly post-petition mortgage payments from November 1, 2019 to Movant.

　　　　2.　　After the filing of the Motion, Debtors have since tendered funds to Movant to cure the post-petition arrears, and the account is currently due for the *July 1, 2020* post-petition monthly mortgage payment. Debtors agree to remain current and continue making the regular monthly mortgage payments (currently **$1,890.05/month**) to Movant, beginning on *July 1, 2020*. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this paragraph shall be adjusted accordingly.

　　　　3.　　Debtors shall send all payments due directly to Creditor at the address below:

**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing, P.O. Box 65450**
**Salt Lake City, UT 84165-0450**

**Select Portfolio Servicing, Inc.'s** loan #xxxxxx9481 must appear on each payment.

4.  In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtors and Debtors' counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall immediately have relief from the bankruptcy stay.

5.  The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6.  Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7.  In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8.  It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtors' Counsel represents that the Debtors are familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Stephen M. Hladik
Stephen M. Hladik, Esquire
Counsel for Creditor

Date: __05/04/2020__

Michael P. Kelly, Esquire
Counsel for Debtors

Date: 5/4/2020

/s/ LeeAne O. Huggins   No Objection
William C Miller, Esquire
Trustee

Date: 5/15/2020

AND NOW, this_____ day of _____, 2020, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

Honorable Magdeline D. Coleman
Chief U.S. Bankruptcy Judge